# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0588V
(not to be published)

| | |
|---|---|
| BYRON WILSON, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: December 15, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates |
| Respondent. | |

*Matthew B. Vianello, Jacobson Press P.C., Clayton, MO,* for Petitioner.

*Tyler King, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 12, 2020, Byron Wilson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine administered to him on October 2, 2019. (Petition at 1). On October 5, 2021, a decision was issued awarding compensation to Petitioner in the amount of $176,123.85. (ECF No. 42).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 6, 2021 (ECF No. 47), requesting a total award of $40,845.16 (representing $38,862.51 in fees and $1,982.65 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 46). Respondent reacted to the motion on October 6, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and "requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs". (ECF No. 48). On October 6, 2021, petitioner filed a Memorandum re: ECF No. 48 Response to Motion for Attorney Fees and Reimbursable Expenses stating that Petitioner did not intend to file a reply. (ECF No. 49).

I have reviewed the billing records submitted with Petitioner's requests, and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for attorney Matthew Vianello at the rate of $375 per hour for all time billed between 2019 - 2021. (ECF No. 47 at 2). However, Mr. Vianello has previously been awarded the lesser rate of $300 per hour for time billed in 2019 and 2020. *See Choi v. Sec'y of Health & Human Servs.,* No. 18-1095V, 2020 WL 1060380 (Fed. Cl. Spec. Mstr. Jan. 28, 2020). I agree with the reasoning of the previous special master in adopting these rates, and therefore similarly reduce Mr. Vianello's rates for work performed in the two relevant years.

I must also adjust subsequent rates based on this earlier rate. Mr. Vianello has been a licensed attorney since 2010, placing him in the range of attorneys with 11-19 years' experience on the OSM Attorneys' Forum Hourly Rate Schedule.[3] Thus, for the year 2021, I will award the rate of $355 per hour.

Application of these reduced rates results in a reduction of **$5,076.50**.[4]

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

---

[3] The of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount consists of ($375 - $300 = $75 x 55.3 hrs = $4,147.50) + ($375 - $355 = $20 x 41.25 = $825.00) + ($187.5 - $177.5 = $10 x 10.4 = $104) = $5,076.50.

Mr. Vianello billed 8.90 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and filing documents. Examples of these (which are not an exhaustive list) include the following:

- March 24, 2020 (1.5 hrs) "Prepare HIPAA authorizations and correspondence to client re: record requests, next steps, etc";

- April 27, 2020 (0.50 hrs) "Prepare exhibits for filing";

- May 26, 2020 (0.75 hrs) "Finalize and file Exhibit 11, notice of filing certifications, statement of completion, PAR questionnaire"; and

- August 31, 2020 (0.20 hrs) "Call Walgreens re status of medical records."

(ECF No. 47-1 at 10, 12, 13, and 15).

I shall reduce Mr. Vianello's rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$1,379.50**.[5]

## ATTORNEY COSTS

Petitioner requests $1,982.65 in overall costs. (ECF No. 47 at 1). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$34,389.16** (representing $32,406.51 in fees and $1,982.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

---

[5] This amount consists of $300 - $145 = $155 x 8.9 hrs = $1,379.50.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master